ORIGINAL

(11)
9-14-01
sc

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORIO A. VARGAS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 1:CV-01-0296 |
| v. | : | |
| | : | (Judge Caldwell) |
| C.O. POWELL, et al., | : | |
| | : | |
| Defendants. | : | |

FILED
HARRISBURG, PA
SEP 13 2001
MARY E. D'ANDREA, CL
Per _____
Deputy Clerk

**<u>DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES
PURSUANT TO 42 U.S.C. §1983 AND FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>**

STATEMENT OF THE CASE

A.   IDENTITY OF THE PARTIES AND THE NATURE OF THE ACTION

Gregorio A. Vargas (hereinafter "Vargas") is an inmate currently incarcerated at the State Correctional Institution at Somerset (hereinafter "SCI-Somerset). Corrections Officer Powell, Corrections Officer Bigalow and Sergeant Ewing are employees of the Pennsylvania Department of Corrections at that State Correctional Institution at Smithfield (hereinafter

"SCI-Smithfield"). All of the events relevant to this matter occurred while Vargas was incarcerated at SCI-Smithfield. Vargas is seeking reimbursement for charges made to his inmate account for medical care and an award of monetary damages for pain and suffering.

B.  PROCEDURAL HISTORY

On or about February 15, 2001, Vargas filed a Complaint in your Honorable Court alleging violations of his Constitutional rights under the Eighth Amendment. Specifically, Vargas alleged he bit into metal objects in his food and was subject to cruel and unusual punishment. On the same date, he filed a Motion to Proceed *In Forma Pauperis*. Named as Defendants in his Complaint are Corrections Officer Powell, Corrections Officer Bigalow, Sergeant Ewing and John Doe Kitchen Personnel. In his Motion to Proceed *In Forma Pauperis*, Vargas named as Defendants Corrections Officers Powell and Bigalow, Sergeant Ewing, the John Doe Kitchen Personnel, Mr. Hoffman and Sharon Burks. Mr. Hoffman and Sharon Burks are not named in the caption of the Complaint and no claims are made against them in the Complaint.

On or about July 9, 2001, the Court granted Vargas' Petition to Proceed *In Forma Pauperis*.

2

On September 7, 2001, Defendants Corrections Officer Powell, Corrections Officer Bigalow and Sergeant Ewing filed a Motion to Dismiss Vargas' Complaint for failure to Exhaust Administrative Remedies and for Failure to State a Claim Upon Which Relief May be Granted.

C.   FACTUAL ALLEGATIONS

Vargas alleges that on October 2, 2000, while eating in the prison dining hall, he swallowed something that felt sharp. He immediately began to choke and his cellmate called to Corrections Officer Powell. Corrections Officer Powell immediately rushed Vargas to the infirmary for medical treatment. At the infirmary, x-rays were taken which showed three pieces of metal in Vargas' stomach.

On October 17, 2000, Vargas again bit into something in his food. On this occasion, Vargas yelled for Corrections Officer Bigalow, who at first responded that there was nothing in Vargas' food. Vargas then began to bleed from the mouth and other inmates began yelling for Corrections Officer Bigalow. Corrections Officer Bigalow then kicked open Vargas' door and, either Corrections Officer Bigalow or another officer, called for the medical staff.

When the medical staff arrived, Vargas was lying on the floor of his cell. Sergeant Ewing entered Vargas' cell, put his knee on Vargas' head,

3

and twisted Vargas' hands behind his back securing him. Vargas was then placed on the stretcher and taken to the infirmary, where he was x-rayed and treated.

## QUESTIONS PRESENTED

SHOULD VARGAS' COMPLAINT BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REGARDS HIS ALLEGATION AGAINST CORRECTIONS OFFICER POWELL, CORRECTIONS OFFICER BIGALOW AND SERGEANT EWING?

Proposed Answer in the Affirmative.

SHOULD VARGAS' COMPLAINT BE DISMISSED FOR FAILURE TO STATE CLAIMS AGAINST CORRECTIONS OFFICER POWELL, CORRECTIONS OFFICER BIGALOW AND SERGEANT EWING UPON WHICH RELIEF MAY BE GRANTED?

Proposed Answer in the Affirmative.

## ARGUMENT

VARGAS' COMPLAINT SHOULD BE DISMISSED BECAUSE HE HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REGARDS HIS ALLEGATIONS AGAINST CORRECTIONS OFFICER POWELL, CORRECTIONS OFFICER BIGALOW AND SERGEANT EWING.

In his Complaint, Vargas acknowledges there is an internal grievance procedure in place at SCI-Somerset. He also avers he complied with 42 U.S.C. §1997(e)(a) by submitting the allegations in his Complaint to the grievance procedure. He further alleges no action was ever taken on his grievance. Vargas has attached a copy of the grievance to his Complaint.

4

The attached grievance makes it clear Vargas has not exhausted his administrative remedies against Corrections Officers Powell and Bigalow and Sergeant Ewing.

The Prison Litigation Reform Act, 42 U.S.C. §1997(e), was enacted by Congress to reduce the number of "frivolous prisoner lawsuits". *Freeman v. Francis*, 196 F. 3d 641, 644 (6th Cir. 1999). To that end, §1997 requires that a prisoner exhaust his administrative remedies before filing a complaint in Federal Court:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes if the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.
>
> The burden of proving that all administrative remedies have been exhausted rests squarely with the inmate. *Brown v. Toombs, et al.*, 139 F. 3d 1102 (6th Cir. 1998) cert denied 525 U.S. 833, 119 S. Ct. 88, 142 L. Ed. 2d 69 (1998). Further, "the PLRA amended §1997(e)a in a such a way as to make exhaustion of all administrative remedies mandatory -- Whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." *Nyhuis v. Reno, et al.*, 204 F. 3d 65, 67 (3d Cir. 2000)

Vargas has not only failed to exhaust his administrative remedies in this matter, he has not even commenced the grievance process against the named Defendants herein. Vargas' Complaint names Corrections Officer

5

Powell, Corrections Officer Bigalow and Sergeant Ewing as Defendants. His Complaint alleges that each of the named Defendants either failed to protect him or used excessive force against him. His attached grievance alleges Dr. Long and P/A Hoffman have failed to properly treat him for the injuroes he allegedly received on October 2, 2000 and October 17, 2000. His grievance does not mention Corrections Officers Powell or Bigalow or Sergeant Ewing and his Complaint does not mention Dr. Long or P/A Hoffman.

The statutory scheme does not allow the Court to excuse the inmate from complying with the exhaustion requirements. A plaintiff cannot conceivably be found to substantially comply with 42 U.S.C. §1997(e)(a) by filing a grievance against one group of officials alleging one set of constitutional violations and then filing a complaint against a second group of officials arguing a completely different theory.

VARGAS' COMPLAINT SHOULD BE DISMISS FOR FAILURE TO STATE CLAIMS AGAINST CORRECTIONS OFFICER POWELL, CORRECTIONS OFFICER BIGALOW AND SERGEANT EWING UPON WHICH RELIEF MAY BE GRANTED.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's case; the court must decide whether, even if the plaintiff was able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F. 2d 884, 891 (3d

Cir. 1977). In such a motion, the burden is on the moving party to show that no claim exists. *Johnsrud v. Carter*, 620 F. 2d 29, 33 (3d Cir. 1980). When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "[c]onclusory allegation of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff is unable to prove any set of facts in support of his claim which would entitle him to relief. *Ransom v. Marrazzo*, 848 F. 2d 398, 401 (3d Cir. 1988). A complaint that sets forth facts, which affirmatively demonstrate that the plaintiff has no right to recover, is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97 (1976).

Under the facts alleged against the three Defendants herein, there is no viable cause of action no matter how the facts are read.

1. Corrections Officer Powell

Vargas alleges "While eating I swallowed something that felt sharp. I immediately began to choke. So my cellie [sic] Victor Rodrigues called C.O. Powills [sic]. I got scared and put my finger down my throat in an

7

attempt to bring up the foreign sharp object. C.O. Powells, Powells retrieved a [sic] object from Mr. Rodregigus. C.O. Powells immediately rushed me to medical." There is nothing in this allegation that could be read in anyway to find any violation of Vargas' Eighth Amendment rights. On the contrary, Vargas' allegations are the best evidence that his rights were protected, not violated.

2. Corrections Officer Bigalow

"...I bit into something. I yelled for the RHU C.O. Bigelow [sic]. He responded with 'there's nothing in your food.' To my dismay I began to bleed from the mouth. Other inmates began yelling 'He's not a doctor.' So C.O. Bigelow [sic], upon hearing other inmates saying 'man down' kicked my door open." Again, the Corrections Officer acted appropriately and secured medical treatment for Vargas.

3. Sergeant Ewing

"I, upon the medical staff's arrival, felt that Sgt. Ewing missed treated me badly. Upon laying on the floor, he put his knee on my head and tristed [sic] my hands back." Sergeant Ewing is the only Defendant that Vargas alleges so much as touched him.

If Vargas is claiming excessive force was used, his claim must fail. Corrections Officers Powell and Bigalow never touched Vargas. Sergeant

8

Ewing merely held him down on one occasion while he was handcuffed so he could be taken for medical treatment. Stretching the latitude given a pro se Plaintiff well beyond all reasonable inferences most favorable to Vargas, his Complaint still does not state a cause of action against Sergeant Ewing.

Even assuming Sergeant Ewing was overly zealous in restraining Vargas, precedent supports the position that "a single, unauthorized assault by a guard does not constitute cruel and unusual punishment. . . . " *George v. Evans*, 633 F. 2d 413, 416 (5th Cir. 1980). An isolated assault by an individual guard on an inmate is not punishment, within the meaning of the Eighth Amendment. *See Johnson v. Glick*, 481 F. 2d 1028, 1032 (2d Cir. 1973); *See also Sheffey v. Greer*, 391 F. Supp. 1044, 1046 (E.D. Ill. 1975) ("[A] single punch in the face by a prison guard does not constitute cruel and unusual punishment"). Although a spontaneous attack by a guard is cruel and it is hoped unusual, it does not fit any ordinary concept of punishment. *Johnson v. Glick*, 481 F. 2d 1028, 1032 (2d Cir. 1973).

It must also be taken into consideration that correctional officers, to maintain control of inmates, must often make instantaneous, on-the-spot decisions concerning the need to apply force. *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). Courts should be hesitant "to critique in hindsight decisions necessarily made in haste, under pressure, and frequently without

9

the luxury of a second chance." *Whitley v. Albers*, 475 U.S. 312, 320 (1981).

Further, Vargas fails to aver that Sergeant Ewing acted with the requisite mental state to support his claim. Nowhere does he suggest that Sergeant Ewing's alleged conduct was malicious or sadistic, or done for the purpose of causing harm. Moreover, there is nothing in Vargas' Complaint which establishes Sergeant Ewing's actions were anything but inadvertent, or, at most, negligent. The United States Supreme Court has held that negligence is not actionable under 42 U.S.C. §1983. *See Daniels v. Williams,* 474 U.S. 327 (1986); *Davidson v. Cannon, et al.*, 474 U.S. 344 (1986).

10

D.  CONCLUSION

WHEREFORE, for all of the above stated reasons, Corrections Officer Powell, Corrections Officer Bigalow and Sergeant Ewing respectfully request the Court to dismiss Vargas' Complaint against them based on Vargas' failure to exhaust his administrative remedies and failure to state claims against them upon which relief may be granted.

> Respectfully submitted,
> PA Department of Corrections,
>
> By: _____
> Michael J. McGovern
> Assistant Counsel
> Attorney I.D. No. 52802
> Office of Chief Counsel
> 55 Utley Drive
> Camp Hill, PA 17011
> 717-731-0444

Dated: 09/13/01

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served a copy of the below-referenced document(s) upon the person(s) and in the manner indicated below:

<u>Service by first class mail, postage prepaid, addressed as follows:</u>

Gregorio A. Vargas, CS-4471
SCI-Somerset
1590 Walters Mill Road
Somerset, PA 15510-0001

*[signature]*
Corinne N. Driver
Clerk Typist II
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Fax: (717) 975-2217

Dated: 9/18/01

Re:   Brief in Support of Motion to Dismiss
      *Vargas v. C.O. Powell, et al.*,
      USDC-MD 1:CV-01-0296